IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KALAH BALLANCE, Individually and as
Special Administrator of the Estate of E.B., a minor, deceased,

Plaintiff,

v.

TWIN HILLS SCHOOL DISTRICT, et al.,

Defendants.

Case No. 25-cv-00422-DES

FILED

MAY – 4 2026

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

## PRO SE MOTION TO DISMISS DEFENDANTS TORI DUCLOS AND DREW DUCLOS

COME NOW Defendants Tori Duclos and Drew Duclos ("Defendants"), appearing pro se, and move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against them for failure to state a claim upon which relief can be granted. For purposes of this Motion only, Defendants accept the factual allegations of the Complaint as true but submit that, even if assumed true, the Complaint does not state a plausible claim for relief against them as parents or guardians.

### I. Legal Standard

A complaint must allege sufficient factual matter to state a claim that is plausible on its face. Conclusory allegations, group pleading, and legal conclusions unsupported by specific facts are insufficient. The Court's review on this Motion is limited to the pleadings and whether those pleadings establish a legally cognizable claim against these Defendants.

### II. Negligent Supervision Is Not Plausibly Alleged

The Complaint asserts a negligent supervision claim against Defendants based solely on their status as parents. It does not allege facts showing that Defendants had prior, actual knowledge of a specific dangerous propensity or that they had the ability to control or prevent the alleged conduct. The conduct described is alleged to have occurred on school grounds, during school transportation, or at school-sponsored activities, where

supervision and control rested with the school district rather than Defendants. Absent allegations establishing both knowledge and control, the negligent supervision claim fails as a matter of law.

### III. The Complaint Relies on Conclusory and Group Allegations

The Complaint alleges in general terms that "the parents" knew or should have known of unspecified conduct, without alleging when notice was given, by whom, or what conduct was reported. Such allegations fail to differentiate between individual defendants and do not provide fair notice of the claims asserted against Tori Duclos or Drew Duclos. Conclusory and group pleading is insufficient under federal pleading standards and warrants dismissal.

### IV. Intentional Conduct Cannot Be Imputed to Defendants

To the extent the Complaint attempts to impose liability based on intentional or outrageous conduct allegedly committed by a minor child, it fails to allege that Defendants personally engaged in, directed, or ratified such conduct. Absent allegations of personal participation, liability cannot be imposed on Defendants as a matter of law.

### V. Punitive Damages Are Not Properly Alleged

The Complaint seeks punitive damages without alleging facts demonstrating malice, willful misconduct, or conscious disregard by Defendants themselves. Allegations sounding in ordinary negligence are insufficient to support a claim for punitive damages, and such claims should be dismissed.

### VI. Conclusion

WHEREFORE, Defendants Tori Duclos and Drew Duclos respectfully request that the Court dismiss all claims asserted against them pursuant to Rule 12(b)(6), dismiss any claim for punitive damages, and grant such other and further relief as the Court deems just and proper.

DATED this _27_ day of _April_, 2026.

Tori Duclos, Pro Se
4730 Twin Hills Road
Okmulgee, Ok 74447
620-515-0823

Drew Duclos, Pro Se
4730 Twin Hills Road
Okmulgee, Ok 74447
620-515-0823
drewduclos26@gmail.com

**Certificate of Service**

I hereby certify that on this 27th day of _April_, 2026, a true and correct copy of the foregoing Motion to Dismiss was served upon counsel for Plaintiff, Donald E. Smolen, II, Smolen Law, PLLC, 611 S. Detroit Ave., Tulsa, Oklahoma 74120, by first-class U.S. Mail and/or electronic service.

Tori Duclos