**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) KALAH BALLANCE, Individually and as Special Administrator of the Estate of E.B., a minor, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>(1) TWIN HILLS SCHOOL DISTRICT, a Political Subdivision of the State of Oklahoma; *et. al,*<br><br>    Defendants. | Case No 25-CV-00422-DES<br><br><br><br>ATTORNEY LIEN CLAIMED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS DREW DUCLOS
AND TORI DUCLOS'S MOTION TO DISMISS[1]**

COMES NOW the Plaintiff, Kalah Ballance, Individually and as Special Administrator of the Estate of E.B., a minor, deceased, and for her response in opposition to the *Motion to Dismiss* (Dkt. #57)[2] filed by Defendants Drew Duclos and Tori Duclos ("Defendants") states as follows.

**INTRODUCTION**

The Duclos Defendants' Motion to Dismiss is long on conclusions and short on law. It asks this Court to ignore well-pleaded factual allegations and instead resolve factual disputes in Defendants' favor, something the Court cannot do at the Rule 12(b)(6) stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). Even accepting Defendants' framing, their arguments fail.

---

[1] Plaintiff notes that Defendants' Motion is untimely under the applicable deadlines set forth in the Federal Rules of Civil procedure. Nevertheless, in the interest of addressing the issues on their merits, Plaintiff responds substantively herein and reserves all objections related to timeliness.

[2] On May 4, 2026, the Duclos Defendants filed an identical motion at Dkt. #58. The only difference between the two filings is the addition of Mr. Duclos's signature. Out of an abundance of caution, Plaintiff is responding in full to Dkt. #57 herein.

## SUMMARY OF THE ALLEGATIONS CONCERNING E.B.

This case arises from the tragic and preventable death of E.B., a twelve-year-old child who endured years of escalating bullying, harassment, and physical violence at the hands of his classmates, including Defendant T.D., the minor child of Defendants. The First Amended Complaint ("the Complaint") alleges that T.D. engaged in repeated acts of bullying and physical assault against E.B., culminating in a violent attack in October 2023 in which T.D. fractured E.B.'s hand. (Dkt. #17 at ¶¶ 20-39, 82-84). The Complaint further alleges that this conduct was not isolated, but part of a sustained pattern of aggressive and harmful behavior directed at E.B. over multiple years, which continued to escalate despite repeated opportunities for intervention. (Dkt. #17 at ¶¶ 20-39, 82-84).

Defendants, as T.D.'s parents and legal guardians, had custody, control, and supervisory authority over T.D. at all relevant times, and Plaintiff alleges that they knew, or reasonably should have known, of their child's dangerous propensities, including his bullying, harassment, and violent conduct toward E.B. (Dkt. #17 at ¶¶10, 80-83). Despite that knowledge, Defendants failed to take reasonable steps to supervise, discipline, or restrain their child, thereby allowing the conduct to continue and escalate. (Dkt. #17 at ¶ 83). As alleged, this failure contributed directly to the environment of sustained abuse that caused severe emotional harm to E.B. and ultimately led to his death. (Dkt. #17 at ¶¶ 37-40, 84-87).

Rather than addressing these well-pleaded allegations, Defendants' Motion attempts to recast the case as one involving insufficient pleading, lack of parental knowledge, and improper attribution of liability. However, when the allegations of the Complaint are accepted as true, as they *must* be at this stage, *see Twombly*, 550 U.S. at 555-56, the Complaint plainly states plausible

claims for relief against Defendants. Because the Complaint easily satisfies the applicable standard under Fed. R. Civ. P. 12(b)(6) and *Twombly*, the Motion should be denied. *Id*.

### STANDARD OF REVIEW

"On a Motion to Dismiss, the court must decide whether Plaintiff has alleged 'enough facts to state a claim of relief that is plausible on its face.'" *Roberts v. Bryant*, No. 23-CV-430-RAW-DES, 2025 WL 2639407, at *1 (E.D. Okla. May 20, 2025), *report and recommendation adopted,* No. CIV-23-430-RAW-DES, 2025 WL 2636598 (E.D. Okla. Sept. 12, 2025) (citing *Twombly*, 550 U.S. at 570). "This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must 'give the defendant fair notice of what the claim ... is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A claim is "facially plausible" if it has "enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Vogt v. City of Hays, Kansas*, 844 F.3d 1235, 1238 (10th Cir. 2017), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility requirement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the conduct necessary to make out the claim." *Burke v. Regalado*, No. 18-CV-231-GKF-FHM, 2019 WL 1371144, at *2 (N.D. Okla. Mar. 26, 2019) (cleaned up). "When reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court 'take[s] the facts in the complaint as true ... and [ ] views such facts in the light most favorable to the plaintiff.'" *Baker v. City of Oklahoma City*, No. CIV-24-763-R, 2025 WL 1570988, at *1 (W.D. Okla. June 3, 2025) (citing *Knellinger v. Young*, 134 F.4th 1034, 1042 (10th Cir. 2025) (internal citations and quotation marks omitted)). The Tenth Circuit imposes a "low bar for surviving a motion to dismiss," explaining that a "well-pleaded complaint may proceed even if it strikes a savvy judge

that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."

*Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

Applying this standard of review, Plaintiff's allegations against the Defendants easily survive the Motion to Dismiss.

<u>**ARGUMENTS AND AUTHORITIES**</u>

I.    **PLAINTIFF HAS PLAUSIBLY ALLEGED A CLAIM FOR NEGLIGENT SUPERVISION AGAINST THE DUCLOS DEFENDANTS.**

Defendants argue that Plaintiff has failed to allege sufficient facts demonstrating prior knowledge of dangerous propensities or the ability to control T.D.'s conduct. However, the Complaint specifically alleges that Defendants are T.D.'s parents and legal guardians and exercised custody, control, and supervisory authority over him at all relevant times. (Dkt. #17 @ ¶ 10). Plaintiff further alleges that T.D. engaged in repeated acts of bullying, harassment, intimidation, and physical violence directed toward E.B., including a physical assault on October 24, 2023, that resulted in a confirmed fracture to E.B.'s hand. (Dkt. #17 at ¶¶ 9, 29, 38, 82-84).

Plaintiff additionally alleges that Defendants knew, or reasonably should have known, that T.D. had engaged in aggressive, harmful, and dangerous conduct toward E.B. and that such conduct posed a foreseeable risk of serious physical and/or emotional harm if not properly supervised or restrained. (Dkt. #17 at ¶ 82). Additionally, Plaintiff alleges that despite this knowledge, Defendants failed to reasonably supervise, discipline, control, or otherwise restrain T.D., thereby allowing the conduct to continue and escalate. (Dkt. #17 at ¶ 83).

Defendants argue that Plaintiff must show "actual knowledge of a specific dangerous propensity or that they had the ability to control or prevent the alleged conduct" while the minor was physically away from them. (Dkt. #57). This is not the law. Instead, "[a] parent is under a duty

to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others . . . if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows *or reasonably should know* of the necessity and opportunity for exercising such control." *Douglass v. Hartford Ins. Co*, 602 F.2d 934, 936-37 (10th Cir. 1979) (emphasis added) (quoting Restatement (Second) of Torts § 316).

Defendants' argument improperly attempts to convert a Rule 12(b)(6) motion into a factual merits determination. Here, Plaintiff specifically alleges a sustained pattern of escalating bullying, harassment, and physical violence perpetrated by T.D. against E.B., such that Defendants knew or reasonably should have known of both the necessity and opportunity to control T.D.'s behavior, which must be taken as true at this point in litigation. (Dkt. #17 at ¶¶ 20-39, 82-84); *Twombly*, 550 U.S. at 556. At the pleading stage, Plaintiff is not required to establish precisely what Defendants knew, when they learned it, or every specific step they took or failed to take. *Twombly*, 550 U.S. at 545 (citing Fed. R. Civ. P. 8(a)(2)); Fed. R. Civ. P. 12(b)(6).

Further, Defendants' contention that they cannot be liable because much of the conduct occurred at school or during school-sponsored activities is unavailing. Parents do not cease being parents merely because their child is physically present on school grounds. The Complaint alleges a sustained pattern of escalating misconduct by T.D. against E.B., not a single isolated incident. (Dkt. #17 at ¶¶ 20-39, 82-84). Taking those allegations as true, Plaintiff has plausibly alleged that Defendants had notice of T.D.'s dangerous conduct and failed to exercise reasonable supervision, which is sufficient to survive dismissal.

II.    **PLAINTIFF'S ALLEGATIONS ARE NOT IMPERMISSIBLE "GROUP PLEADING."**

Defendants next argue that the Complaint improperly refers collectively to "the parent Defendants" without sufficiently differentiating between the sets of parents individually. This argument mischaracterizes the allegations of the Complaint.

First, each Defendant who is the parent of a minor child Defendant is identified individually with respect to the applicable cause of action and thereafter referred to collectively for ease of reference. (Dkt. #17 at Count III). Specifically, Plaintiff identifies Drew Duclos and Tori Duclos by name and alleges that they are the parents and legal guardians of T.D. who exercised custody, control, and supervisory authority of him at all relevant times. (Dkt. #17 at ¶ 10). Plaintiff further alleges that each parent Defendant knew, or reasonably should have known, of their child's dangerous conduct and failed to reasonably supervise or restrain that conduct. (Dkt. #17 at ¶¶ 80-83).

Unlike the pleading deficiencies identified in *Robbins v. Oklahoma*, Plaintiff does not simply attribute unspecified misconduct to an undifferentiated group of defendants acting independently of one another. 519 F.3d 1242, 1249 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3) *Robbins* merely prohibits pleadings that make it "impossible" to determine which defendant is alleged to have committed which conduct. *Id*. Instead, the Complaint provides clear factual context regarding the role of Defendants and the basis for their alleged liability arising from their parental and supervisory responsibilities. Defendants know precisely why they were sued: because Plaintiff alleges they failed to properly supervise and control T.D. despite knowledge of escalating dangerous behavior directed toward E.B.

This case is therefore more consistent with *Northstar Mgmt., Inc. v. Vorel*, where collective references were permissible because the complaint adequately placed Defendants on notice of the claims asserted against them. No. CIV-19,260-SLP, 2019 WL 7753449, at *2 (W.D. Okla.

November 20, 2019) (holding that collective allegations are permissible where a complaint "supplies the relevant context" to "adequately put [defendants] on notice of the basis for Plaintiff['s] claims against . . . them.") The Complaint easily satisfies that standard.

Accordingly, because the Complaint specifically identifies the parent Defendants, describes their relationship to T.D., and sets forth the factual basis for their alleged liability, Defendants' argument that the pleading improperly relies upon impermissible collective allegations is without merit and should be rejected.

### III. PLAINTIFF DOES NOT SEEK TO IMPOSE LIABILITY SOLELY BASED UPON T.D.'S CONDUCT

Defendants also argue that Plaintiff improperly seeks to impose liability upon them for intentional conduct allegedly committed by T.D. without alleging that they personally participated in such conduct. However, Plaintiff's negligent supervision claim is not premised upon vicarious liability for T.D.'s actions alone.

Instead, Plaintiff alleges that Defendants are directly liable for their own negligent acts and omissions in failing to supervise, discipline, control, or restrain T.D. despite knowledge of his dangerous propensities and escalating harmful conduct. (Dkt. #17 at ¶¶ 80-85). The Tenth Circuit recognizes negligent supervision claims based on a defendant's own failure to act reasonably in light of known risks posed by another person under their supervision or control. *Douglass*, 602 F.2d at 936-37; *see also Escue v. Northern OK College*, 450 F.3d 1146, 1156 (10th Cir. 2006).

Defendants attempt to frame the Complaint as though Plaintiff seeks to automatically impute T.D.'s conduct to his parents merely because of the parent-child relationship. That is not what the Complaint alleges. Plaintiff alleges that Defendants themselves breached independent duties owed to others by failing to reasonably supervise and control a child whom they allegedly knew posed a foreseeable risk of harm. (Dkt. #17 at ¶¶ 80-85). Accordingly, Plaintiff's claims

against Defendants arise from their own alleged negligence and conscious disregard, not merely from the conduct of their child. Those allegations are sufficient to state a direct claim against Defendants.

### IV.    PLAINTIFF HAS SUFFICIENTLY ALLEGED A BASIS FOR PUNITIVE DAMAGES

Finally, Defendants argue that Plaintiff has failed to allege sufficient facts to support punitive damages because the Complaint allegedly pleads only ordinary negligence. This argument fails at the pleading stage.

Under Oklahoma law, punitive damages may be available, subject to jury determination, where a defendant acts with reckless disregard for the rights or safety of others. *Amphy v. Monte Gram Trucking*, Case No. 24-CV-395-DES, 2025 WL 2420978, at *3 (denying the defendants' motion to dismiss because the plaintiffs' claims were plausible). A defendant acts with reckless disregard where the person "was either aware, or did not care, that there was a substantial risk that [his] conduct would cause serious injury to others." *Iser v. CSAA Fire and Casualty Ins. Co.*, 506 F.Supp.3d 1145, 1154 (N.D. Okla. 2020).

Here, Plaintiff alleges that Defendants knew, or reasonably should have known, that T.D. engaged in repeated bullying, harassment, intimidation, and physical violence directed toward E.B., including conduct resulting in serious physical injury, yet failed to take reasonable steps to prevent continued harm. (Dkt. #17 at ¶ 29, 82-87). Plaintiff further alleges that Defendants' conduct demonstrated complete indifference to and/or conscious disregard for the health and safety of E.B. (Dkt. #17 at ¶ 87). At this stage, the Court's role is not to determine whether Plaintiff will ultimately prevail on punitive damages, but whether the allegations, taken as true, plausibly support such relief. They do. Thus, dismissal of Plaintiff's punitive damages claim is inappropriate.

**WHEREFORE**, premises considered, Plaintiff respectfully requests that the Court deny the Duclos Defendants' Motion to Dismiss (Dkt. #57).

Respectfully submitted,

SMOLEN │ LAW, PLLC

*/s/ Kimberly A. Arland*
Donald E. Smolen, II, OBA #19944
John W. Warren, OBA #33635
Kimberly A. Arland, OBA #36571
611 S. Detroit Ave.
Tulsa, OK  74120
918-777-4529 (P)
918-890-4529 (F)
don@smolen.law
jack@smolen.law
kimberly@smolen.law

*and*

Sabah Khalaf, OBA No. 30137
THE KHALAF LAW FIRM PLLC
15 W. 6th St., Ste. 2800
Tulsa, OK 74119
918.922.8819
918.592.1149 (F)
sabah@klf-law.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

I further certify that on May 13, 2026, I served the attached document via USPS regular mail on the following, who are not registered participants of the ECF System:

Drew and Tori Duclos, Pro Se
4730 Twin Hills Road
Okmulgee, OK 74447

*/s/ Kimberly A. Arland*